UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-20246-CIV-SEITZ/TURNOFF

MICHAEL AGRIFOLIO,

    Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

    Defendants.
_____/

## ORDER RE: STANDARD OF REVIEW & SCOPE OF DISCOVERY, GRANTING IN PART MOTION FOR RECONSIDERATION, AND REFERRAL TO MAGISTRATE JUDGE

This ERISA action challenges Defendant's termination of Plaintiff's disability benefits. Before the Court are the parties' memoranda regarding the applicable standard of review and scope of discovery [DE-25, 26, 31 & 39] and Defendant's Motion for Reconsideration of Order to Produce Disability Claims Manual [DE-17].

Defendant maintains that the applicable standard of review is "arbitrary and capricious" because the plan documents grant the administrator discretion and, thus discovery is limited to the administrative record and the governing plan documents. Plaintiff, however, asserts that the *de novo* standard of review applies because (1) the administrator's decision was untimely and (2) the plan documents provided to Plaintiff by his employer did not contain discretionary language. Under a *de novo* standard of review, Plaintiff is entitled to conduct any discovery likely to lead to relevant evidence. Alternatively, Plaintiff maintains that, if the applicable standard of review is arbitrary and capricious, he is entitled to discovery beyond just the administrative record and governing plan documents because Defendant has a structural conflict of interest.

Because the applicable policy contains language granting the Defendant discretionary

authority to determine whether Plaintiff is entitled to benefits, the applicable standard of review is arbitrary and capricious. As to the scope of discovery, however, under *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008), Plaintiff is entitled to limited discovery, which includes Defendant's disability claims manual.

## I. The Applicable Standard of Review and Scope of Discovery

### A. *The Relevant Plan Documents Contain Discretionary Language*

The parties do not dispute that if the relevant policy contains language granting the plan administrator discretionary authority to determine eligibility benefits, then a court must use an arbitrary and capricious standard of review. The parties do dispute what constitutes the relevant insurance policy.

According to Plaintiff, in response to his request for a copy of the policy, his employer sent him a document titled "Your Group Plan" [DE-26-2] (the "Plan document"). This document does not contain any language granting the administrator discretionary authority. Defendant maintains that a different document, titled "Group Life and Accident and Health Insurance Policy" [DE-26-1] (the "Policy document"), is the applicable policy. Neither party disputes that the Policy document grants discretionary authority to the administrator. While it is clear that a layperson might be confused by the two documents, especially given that the Plan document was provided in direct response to a request for the disability policy, a reading of the two documents indicates that the Plan document is not the actual insurance policy.[1] The Plan document states, on the page immediately following the Table of Contents:

---

[1] From the record it appears that by the time Plaintiff received the Plan document he had already retained counsel. Thus, while a layperson understandably may have been confused by the two different documents, counsel should not have been.

> If you become covered, this Booklet will become your Certificate of Coverage. . . . This Certificate may be an electronic version of the Certificate on file with your Employer and Aetna Life Insurance Company. In case of any discrepancy between an electronic version and the printed copy which is part of the group insurance contract issued by Aetna Life Insurance Company, or in case of any legal action, the terms set forth in such group insurance contract will prevail.

DE-26-2 at 3. This language indicates that the Plan document is not the actual contract of insurance and is, at best, just a portion of the actual contract of insurance. Thus, the Plan document is not the controlling document here; the Policy document is. Accordingly, the arbitrary and capricious standard of review applies because the Policy document contains discretionary language.[2]

### B. *Plaintiff Is Not Entitled to De Novo Review*

Plaintiff also argues that, regardless of the language of the plan documents, a *de novo* standard of review should apply because Defendant did not make the benefits decision in a timely manner.[3]

---

[2]Plaintiff argues that he has been prejudiced in pursuit of his claim by the late disclosure of the complete policy. While that may be true, Plaintiff has failed to provide any authority that establishes that such prejudice is rectified by the application of a different standard of review. Further, Plaintiff has failed to explain exactly how he has been prejudiced.

[3]The regulations governing ERISA set out the time frame in which a plan administrator must make a decision. 29 C.F.R. § 2560.503-1(l) addresses an administrator's failure to follow the time frames set out in the regulations:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

Thus, a claimant may file suit prior to the issuance of a decision if the decision is not timely made under the regulation.

The cases cited by Plaintiff, however, are inapposite.[4] While in each of these cases the plaintiff's claim was "deemed denied" under the ERISA regulations because the plan administrator did not make a timely decision, the cases differ from the case at bar because in those cases the administrators did not make *any* decisions prior to the plaintiffs filing suit. Thus, the courts found no reason to defer to the administrator's discretion, and apply an arbitrary and capricious standard of review, because, having failed to make a decision, the administrator had not actually exercised any discretion. In this case, however, Defendant made a decision prior to Plaintiff filing this action.

In cases where the administrator vested with discretion issued an untimely decision under the regulation but the plaintiff did not file suit until after the decision was rendered, it appears that most courts apply the arbitrary and capricious standard. *See Turner v. American Airlines, Inc.*, 2011 WL 1542078 (S.D. Fla. April 21, 2011); *Demirovic v. Building Service 32 B-J Pension Fund*, 467 F.3d 208, 212 (2d Cir. 2006) (where plaintiff chose to appeal administrator's failure to issue a timely decision, rather than file a suit, arbitrary and capricious standard applied because administrator's appeal decision was an exercise of discretion); *Hardt v. Reliance Standard Life Insurance Co.*, 494 F. Supp. 2d 391, 394 (E.D. Va. 2007) (applying arbitrary and capricious standard to untimely decision of administrator because case filed after administrator had exercised its discretion). These courts reason that because the plaintiff did not file suit until after a decision had been rendered, albeit an untimely one, the administrator had exercised

---

[4]Plaintiff cites to *Stefansson v. The Equitable Life Assurance Society of the U.S.*, 2005 WL 2277486 (M.D. Ga. Sept. 19, 2005); *Coates v. Guardian Life Insurance Co. of America*, 2008 WL 269133 (M.D. Fla. Jan. 30, 2008); and *Wilson v. Walgreen Income Protection Plan for Pharmacists & Registered Nurses*, which is also a Middle District of Florida case and is filed at DE-26-5.

discretion which was entitled to deference under ERISA and the plan documents.

In *Turner v. American Airlines, Inc.*, 2011 WL 1542078 (S.D. Fla. April 21, 2011), the court applied the arbitrary and capricious standard despite the administrator's untimely decision under the regulation. The court noted three reasons for applying the arbitrary and capricious standard: (1) the plaintiff did not file suit upon the administrator's failure to issue a timely decision but, instead, waited to file suit until after issuance of the administrator's decision; (2) there was no record evidence that the administrator's delay was due to bad faith or negligence; and (3) the plaintiff was an active participant throughout the appeal process. *Id.* at *7. All of these reasons are equally applicable in the instant case – Plaintiff did not file suit upon the administrator's failure to issue a timely decision but, instead, waited to file suit until after the administrator issued a decision; there is no record evidence or even allegations of bad faith or negligence on the part of the administrator; and Plaintiff, and his lawyer, were active participants in the claim process. Thus, for these reasons the arbitrary and capricious standard of review applies in the instant matter.

### C. *Plaintiff is Entitled to Limited Discovery Because a Conflict of Interest Exists*

Defendant maintains that under the arbitrary and capricious standard, Plaintiff is not entitled to any discovery beyond the administrative record. Defendant, however, reads the case law that has followed from the Supreme Court's decision in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008), too narrowly. In *Glenn*, the Supreme Court held that when a plan administrator also pays benefits out of its own pocket there is a conflict of interest that a reviewing court should consider as a factor in determining whether the plan administrator has abused its discretion in denying benefits. *Id.* at 108. Since *Glenn*, courts that have addressed the

issue of discovery have held that discovery may be permitted to determine the seriousness of the inherent conflict of interest and whether it effected the decision making process or resulted in procedural irregularities. *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010); *see also Bloom v. Hartford Life & Acc. Ins. Co.*, 917 F. Supp. 2d 1269, 1276-79 (S.D. Fla. 2013) (and cases cited therein), aff'd, 558 F. App'x 854 (11th Cir. 2014).

Defendant relies heavily on two Eleventh Circuit cases, *Blankenship v. Metroplitan Life Insurance Co.*, 644 F.3d 1350 (11th Cir. 2011), and *Blake v. Union Camp International Paper*, 622 Fed. App'x 853 (11th Cir. 2015), to support its contention that no discovery is allowable. The Eleventh Circuit has set out a six-step process for reviewing a plan administrator's benefits decision.[5] *Blankenship*, 644 F.3d at 1355. Consideration of the conflict of interest is the last step

---

[5] In *Blankenship*, the court set the steps out as:

(1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

(2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

(3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

in the process. *Id.* Therefore, a reviewing court may never reach that consideration because the process may end at an earlier step, which is what occurred in both cases relied upon by Defendant. In both cases, the Eleventh Circuit found that the administrator's decision was supported by reasonable grounds and, thus, there was no reason for the reviewing court to reach the issue of any alleged conflict of interest. Consequently, neither of these cases aid Defendant and Plaintiff is entitled to discovery relevant to Defendant's conceded structural conflict of interest and whether the conflict effected the decision making process or resulted in procedural irregularities.[6]

## II. The Motion for Reconsideration

Defendant seeks reconsideration of the Court's order requiring Defendant to produce its claims manual for disability claims [DE-15]. Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* at 1369. In order to demonstrate clear error, a plaintiff must do more than simply restate previous arguments. *Bautista v. Cruise Ships Catering & Service Intern'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003). Here Defendant appears to be arguing that the Court committed clear error when it ordered Defendant to produce its claims manual.

---

[6] In formulating his discovery requests, Plaintiff shall keep in mind the requirements of Federal Rules of Civil Procedure 1 and 26(b)(1), which require that discovery be proportional to the needs of the case and that the parties work to secure the just, speedy, and inexpensive resolution of this matter.

While Defendant maintains that Plaintiff is not entitled to the disability claims manual because he is not entitled to any discovery, as set out above, Plaintiff is entitled to limited discovery. That limited discovery includes discovery to investigate alleged conflicts of interest and to substantiate contentions of procedural misconduct or bias on the part of the plan administrator. *See Murphy*, 619 F.3d at 1164 (10th Cir. 2010); *see also Bloom*, 917 F. Supp. 2d at 1277-79 (S.D. Fla. 2013) (and cases cited therein). Thus, the claims manual is discoverable because it may be relevant in demonstrating procedural misconduct by Defendant.

Defendant further maintains that even if the manual is discoverable, the entire claims manual is not. It is not clear from the Defendant's papers whether it has a single claims manual or separate manuals for each time of claim. The Court order challenged by Defendant only requires production of its disability claims manual. If such a manual exists, Defendant shall produce it in its entirety within thirty (30) days of the date of this order. If Defendant only has a single claims manual for all types of claims, within fifteen (15) days of the date of this order, Defendant shall produce the entire Table of Contents to Plaintiff and Plaintiff shall then request production of the relevant portions of the manual.

Accordingly, it is

ORDERED THAT:

1. The Plaintiff's claim will be reviewed under an arbitrary and capricious standard and Plaintiff is entitled to limited discovery in accordance with this Order.

2. Defendant's Motion for Reconsideration of Order to Produce Disability Claims Manual [DE-17] is GRANTED in part and DENIED in part.

    a. If a separate disability claims manual exists, Defendant shall produce it in its

entirety by **September 23, 2016**.

      b. If Defendant only has a single claims manual for all types of claims, by **September 9, 2016**, Defendant shall produce the entire Table of Contents to Plaintiff and Plaintiff shall then request production of the relevant portions of the manual, pursuant to the previously entered protective order [DE-19].

      c. Any disputes over what constitutes "relevant portions of the manual" are REFERRED to Magistrate Judge Turnoff for resolution.

      DONE and ORDERED in Miami, Florida this 24th day of August, 2016.

                                                PATRICIA A. SEITZ
                                                UNITED STATES DISTRICT JUDGE

cc: Counsel of Record