UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-20246-CIV-SEITZ/TURNOFF

MICHAEL AGRIFOLIO,

    Plaintiff,

v.

AETNA LIFE INSURANCE CO., ET AL.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING MOTION TO COMPEL

THIS MATTER is before the Court on the Defendant's second Motion for Reconsideration of Order to Produce Entire Disability Claims Manual [DE-42] and Plaintiff's Motion to Compel Production of Aetna's Entire Disability Claims Manual Pursuant to Court Order [DE-50]. At the initial scheduling conference, the Court ordered Aetna to produce its claims manual. Shortly thereafter, Aetna filed its first motion for reconsideration briefing the issues surrounding the production of Aetna's claims manual. After careful review of the parties briefs, the Court entered its Order Re: Standard of Review & Scope of Discovery, Granting in Part Motion for Reconsideration, and Referral to Magistrate Judge ("the Order")[DE-40], which, in relevant part, ordered Aetna to produce its disability claims manual in its entirety. Aetna seeks reconsideration of this portion of the Order, thus, requiring the Court to address this issue for the third time.

Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the

availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* at 1369. In order to demonstrate clear error, a plaintiff must do more than simply restate previous arguments. *Bautista v. Cruise Ships Catering & Service Intern'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court ... already thought through-rightly or wrongly.... The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted and brackets omitted). Thus, a "motion for reconsideration cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted).

Aetna argues that it is entitled to reconsideration because the Court "misapprehen[ded] Aetna's argument and the state of the law." However, Aetna's motion raises the same arguments that it previously raised relating to the production of its disability claims manual. Thus, Aetna is simply re-litigating matters already raised or that could have been raised prior to the entry of the Order. As set out above, that is not a proper basis for granting a motion for reconsideration.

Because the Motion for Reconsideration is denied, Plaintiff's Motion to Compel is granted. Aetna opposes the request for attorneys' fees in the Motion to Compel. It maintains that it was reasonable to assume that the Court's Order requiring production of the disability claims manual was stayed pending a decision on the Motion for Reconsideration based on the

Court previously staying the production of the manual for the first motion for reconsideration. However, in that instance, the Court's order explicitly stayed the order requiring production of the manual. *See* DE-23. Aetna did not seek a stay before, after, or when it filed the second Motion for Reconsideration and the Court did not issue another stay. Given the difference in circumstances, it was not reasonable for Aetna to assume such a stay was in place now.

Furthermore, the Court notes that at the scheduling conference, the parties were reminded of their responsibilities as officers of the Court and under Federal Rules of Civil Procedure 1 and 26(b) to work together to resolve the case and to keep discovery costs proportional. Aetna's persistence in refusing to produce the claims manual, in accordance with Court orders, unfortunately has led to a failure to comply with its Rule 1 obligation to help "secure the just, speedy, and inexpensive" resolution of this case. This case requires an analysis of Aetna's structural conflict of interest and possible procedural bias. Rather than assisting the Court in identifying the portions of the disability claims manual that might be relevant to these issues, Aetna's position has been repeated attempts to stonewall any discovery related to the claims manual. The only alternative Aetna has offered is to require Plaintiff to serve a Rule 34 production request. However, given that Plaintiff has no way of knowing the contents of the claims manual, any production request would likely be for the entire manual. Thus, Aetna would likely object by trotting out the same arguments that have been raised and rejected twice. Consequently, Aetna's continual fight against production has served no purpose other than delay. Had Aetna offered more viable solutions to the problem, such as first producing the table of contents or index or asking for an *in camera* review of the manual to determine the relevant sections, the Court might be more sympathetic to Aetna's plight. However, Aetna did not make

any such proposals, at least to the Court. By repeatedly raising the same issue, seeking to require Plaintiff to file a Rule 34 production request for a document that has been ordered produced repeatedly, and by not offering any alternatives to the complete production of the claims manual, Aetna has not met its responsibilities as an officer of the Court or under Rules 1 and 26. Consequently, Plaintiff is entitled to his reasonable attorneys' fees related to the Motion to Compel.

Accordingly, it is

ORDERED THAT:

1. Defendant's Motion for Reconsideration of Order to Produce Entire Disability Claims Manual [DE-42] is DENIED.

2. Plaintiff's Motion to Compel Production of Aetna's Entire Disability Claims Manual Pursuant to Court Order [DE-50] is GRANTED. By **October 28, 2016,** Plaintiff shall submit a motion for his reasonable attorneys' fees incurred in preparing the Motion to Compel.

3. If Aetna has not produced the manual by the time of the October 19, 2016 scheduling conference, it shall bring an entire disability claims manual to the hearing for production to Plaintiff.

DONE and ORDERED in Miami, Florida this 19 day of October, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record